# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT MONTELL SILLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No: 4:12CV1771HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Robert Montell Sills' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order, and Movant has filed a Reply thereto. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

On December 16, 2010, the government filed a two count indictment against Petitioner and three co-defendants. Specifically, Count One of the indictment charged petitioner with being part of a conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government alleged that the quantity of cocaine involved in the conspiracy was in excess of five kilograms punishable pursuant to 21 U.S.C. § 841(b)(1)(A)(ii)(II).

On June 28, 2011, Petitioner entered a guilty plea as to Count One. On September 16, 2011, this Court sentenced him to a term of imprisonment of 120 months on Count One. This sentence was ordered to run concurrent to his 120 month sentence in *United States v. Robert M. Sills, et al.,* No. 4:10-CR-523-JCH (E.D. Mo.), and consecutive to his 136 month sentence in *United States v. Robert M. Sills, et al.,* No. 06-CR-20663-AC-15 (E.D. Mich.). The Court fined Petitioner $10,000.00, and sentenced him to five years supervised release to run concurrent with that imposed in Case No. 4:10-CR-523-JCH and consecutive that imposed in 06-CR-20663-AC-15. Petitioner did not file a notice of appeal.

Petitioner filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on October 1, 2012.

## CLAIMS FOR RELIEF

Petitioner has raised the following grounds for post-conviction relief:

**Ground One:** Petitioner's guilty plea to the drug conspiracy charge was not knowing, intelligent and voluntary because as part of his plea agreement with the government, he entered a guilty plea in *United States v. Robert M. Sills, et al.,* No. 4:10-CR-523-JCH (E.D. Mo.). Petitioner, however, would not have entered a guilty plea to the drug conspiracy charge if he understood that the guilty plea he entered in Case No. 4:10-CR-523-JCH lacked a factual basis. Instead, he would

2

have proceeded to trial on the drug conspiracy charge. Because one of the conditions for entering a plea to the drug conspiracy charge was the invalid witness tampering charge, Petitioner's conviction to the drug conspiracy charge should be vacated. The two guilty pleas are so intertwined that the invalidation of one of them automatically invalidates the other.

**Ground Two**: Plea counsel was ineffective because he advised Petitioner to enter a guilty plea to the witness tampering charge as part of the package deal to enter a guilty plea to the drug conspiracy charge. If Petitioner had known that he could not have been convicted of the witness tampering charge, he would not have entered a guilty plea to it or the drug conspiracy charge and proceeded to trial.

**Ground Three:** The government committed prosecutorial misconduct when it linked the guilty plea in the drug conspiracy charge with the witness tampering charge. The government required as part of its agreement to accept Petitioner's pleas that he enter a guilty plea to a charge to which he was innocent. The government's actions violated Petitioner's rights to due process and the right to a jury trial under the Fifth and Sixth Amendments to the United States Constitution.[1]

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws

---

[1] Petitioner originally stated four claims for relief. On September 2, 2014, Petitioner filed a Motion to Withdraw his Fourth claim. The Court granted the Motion on September 4, 2014.

of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

**<u>Standard for Ineffective Assistance of Counsel</u>**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an

ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**: Petitioner's guilty plea to the drug conspiracy charge was not knowing, intelligent and voluntary because as part of his plea agreement with the

7

government, he entered a guilty plea in *United States v. Robert M. Sills, et al.,* No. 4:10-CR-523-JCH (E.D. Mo.).

Petitioner waived his post-conviction challenges as part of his plea agreement. Petitioner argues, however, that his plea was not knowing, intelligent and voluntary because he believed that in order to not receive a life sentence, he had to plead guilty in both cases. Subsequently, it was determined that there was no factual basis for the witness tampering charge. Petitioner argues that because the plea was not voluntary, his conviction should be vacated.

The record, and indeed, Petitioner's supplement belie Petitioner's claim that the plea was not voluntarily entered. Petitioner claims he was "shocked" when the Court asked him if he was threatened to plead guilty and that he nudged Mr. Zotos, who then told Petitioner to say "no." The record establishes that Petitioner was given the opportunity at the time of the plea to present any threats, misunderstandings of the plea in this case or promises. If Petitioner was indeed "shocked" by the Court's inquiry, he had the opportunity to so state. This later after the fact claim that he was threatened in any way to enter the plea cannot overcome the clear record of the Court's colloquy with Petitioner wherein he was given, under oath, all opportunities to express any concerns he may have had regarding the plea in this case. Ground one is denied as having been validly waived.

8

**Grounds Two and Three**: Ineffective assistance of counsel by counsel through counsel's advising Petitioner to enter a guilty plea to the witness tampering charge as part of a package deal and governmental misconduct for linking the guilty plea in the drug conspiracy charge with the witness tampering charge.

Petitioner argues that counsel was ineffective for advising him to take a "package deal" on both the underlying case before this Court and the witness tampering case before Judge Hamilton. Movant's subsequent self-serving declaration cannot negate the record before the Court. As the government stated in open Court and on the record, the government did not condition the negotiated plea agreement in this case with a guilty plea in Judge Hamilton's case.

> Pursuant to Rule 11(c)(1)(A) and (C), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I of the superseding Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in the conspiracy to distribute and possess with the intent to distribute in excess of 5 kilograms of cocaine from 2010 up to the date of this Agreement, of which the government is aware at this time. In addition, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the parties agree that the defendant's sentence should be 10 years consecutive to his term of 136 months imprisonment in Cause No. 2:06-cr-20663-AC-DAS-15, in the Eastern District of Michigan (Detroit). If the Court informs the parties prior to sentencing that it will reject this agreement or sentences defendant to a sentence not in conformity with this agreement, then either party may withdraw from the plea agreement and the defendant will have an opportunity to withdraw his guilty plea pursuant to Rule 11(c)(5). The parties further agree that neither party shall request a sentence

>above or below the sentencing agreement in this paragraph pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

Plea Agreement, pp. 1-2.

Nothing in this recitation of the exchanges between the government and Petitioner establishes that Petitioner must also plead guilty in the witness tampering case. Petitioner's claims are not supported by any evidence other than his own self-serving declaration.

Significantly, as the government has argued, Petitioner has shown no prejudice through the alleged ineffective assistance of counsel. Petitioner's guilty plea resulted in a recommended sentence of ten years. The Court considered this recommendation and sentenced Petitioner to that recommended sentence. The government's evidence against Petitioner was substantially strong. The government was prepared to present evidence of Petitioner's participation in drug activity as corroborated by airline travel records and the testimony of his co-conspirators. Petitioner had already been convicted in Michigan on a single drug count involving more than 5 kilograms of cocaine. As such, Petitioner would have been subject to a minimum mandatory term of imprisonment in this case of 20 years if he proceeded to trial and was convicted. Petitioner was aware of the evidence the government was prepared to present in the drug case. Petitioner

cannot establish prejudice even if he could show his attorney was ineffective. Grounds Two and Three are denied

## CONCLUSION

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 7th day of May, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE