RECEIVED JAN 03 2017 BY MAIL

FILED JAN 3 2017 U.S. DISTRICT COURT EASTERN DISTRICT OF MO ST. LOUIS

United States District Court
Eastern District OF Missouri
Eastern Division

Robert M. Sills
    Petitioner

vs.   No. 4:12-cv-1771-HEA

United States OF America
    Respondent

## Petitioner's Reply To Governments Post-Hearing Brief

The Petitioner, Robert M. Sills, pro se, hereby replies as follows to the government's Post-Hearing Brief dated December 29 2016, as set forth below:

1. In its brief at page 1, the government stated:

"At the onset, the parties agreed that Sills' only remaing 2255 claim was for ineffective assistance of counsel".

Not so. At the beginning of the

1.

evidentiary hearing, the only thing the parties agreed to was that "the scope of the hearing... is whether or not ineffective assistance of counsel occurred". (Tr. 4) At no time did the petitioner waive his separate, but related claim that his guilty plea was not knowingly entered. The Court of Appeals expressly granted the petitioner a certificate of appealability on this claim. The governments brief does not address this issue. Therefore, by rule, it is admitted. See Rule 8(b)(6), Federal Rules of Civil Procedure and United States v. McIntire, 370 F. Supp 1301, 1303 (D. NJ 1974) (holding that fact not denied must be taken as admitted by court). Moreover, the petitioner's Memorandum of Law was filed on December 13, 2016, a week prior to the governments post-hearing brief.

2. The Court can grant relief in this case by proceeding directly to the petitioner's secondary claim, that his guilty plea was not knowingly entered.

Despite the fact that the petitioners counsel, Nick Zoto, Assistant U.S. Attorney

2.

Dean Hoag, and the petitioner himself all testified that the guilty pleas to the drug conspiracy and witness tampering cases were wired, the government now argues that the pleas were not wired. (Gov't. Br. at p.8). The government's post-hearing claim is clearly belied by the transcript of the evidentiary hearing. (Tr. 6-9; 29-30; and 44).

"There can be no plea bargain to an illegal sentence." Quoting United States v. Greatwalker, 285 F3d 727, 729 (8th Cir. 2002). The petitioner's guilty plea must be vacated where he was induced to enter a "wired guilty plea" in this case and in the witness tampering case based on the legal fiction that his guilty plea in the witness tampering case was lawful.

3. With respect to the petitioner's claim of ineffective assistance of counsel, the government argues that counsel's performance was not deficient, and nor was the petitioner prejudiced by counsel's

3.

performance. (Govt. Br. at p. 7-11). Not so. At the hearing, counsel offered no reason, strategical or otherwise, for failing to advise the petitioner that he was entering a wired guilty plea to a non-existent federal offense. Hence, it is simply inconceivable that competent counsel would have warned the petitioner that a wired guilty to the witness tampering case was a guilty plea to a non-existent federal offense. See Shaw v. Dwyer, 555 F.Supp 2d 1000, 1009 (E.D. MO., 2008)

Turning to the prejudice which resulted from counsel's deficient performance, the petitioner stated at the hearing that but for counsel's failure to advise him that the witness tampering charge was beyond the reach of federal law he would not have plead guilty in the instant case or the witness tampering case. See Hill v. Lockhart, 894 F2d 1009, 1010 (8th Cir. 1990) (en banc).

The government's case against the petitioner on the drug conspiracy indictment was based entirely on the

4.

statements of cooperators, and was far from overwhelming. See Garceau v. Woodford, 275 F.3d 769, 777 (9th Cir. 2001) (find that evidence consisting soley of testifying cooperators, all of whom had an interest in the outcome of the defendant's trial, was not overwhelming). The petitioner submits that he has made the necessary showing of prejudice. See Hill v. Lockhart, Supra.

## CONCLUSION

The petitioner's claims should be sustained in all respects, and his guilty plea vacated.

Respectfully Submitted

Robert M. Sills, Pro Se

## Certificate of Service

The undersigned hereby certifies that on 30th day of December, 2016, a true and accurate copy of the foregoing has been served by United States Postal Service upon Assistant United States Attorney Tiffany Becker, 111 South Tenth Street, 20th Floor, St. Louis, Missouri 63102

_Robert M. Sills_
Robert M. Sills, Pro Se

6.