UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ROBERT MONTELL SILLS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:12CV1771 HEA |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the limited remand of Robert Montell Sills' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

On May 7, 2015, the Court entered its Opinion, Memorandum and Order denying Movant's Motion. Movant filed a timely notice of appeal and request for Certificate of Appealability. The Eighth Circuit Court of Appeals granted the request on March 10, 2016. On June 27, 2017, Respondent filed a Motion for Remand in the Circuit Court for the purpose of conducting a hearing on Movant's Motion. Remand was granted and a hearing was held by this Court on November 29, 2016.

At the hearing, the parties agreed that the sole issue for consideration was whether counsel was ineffective.

> And the parties have talked this morning and just wanted to provide clarification to the Court that our agreement with regard to the scope of the hearing, that all that Mr. Sills is asserting and seeking a hearing on is whether or not ineffective assistance of counsel occurred, and he is attempting to establish that but-for the plea to the witness tampering case in the Judge Hamilton matter, he would not have pleaded guilty, and, therefore, he is seeking new trial on the drug charges before this Court and that the hearing will be limited to that issue of whether it's reasonable to believe that the defendant would have gone to trial.

Hearing Transcript, page 4.

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## DISCUSSION

2

## **Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional

3

assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that

4

"there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

At the hearing, defense counsel and counsel for the government testified. The testimony established that the government had at least four cooperating courier witnesses ready to testify that Movant held a managerial role in the conspiracy. Records and surveillance conducted by law enforcement corroborates the witnesses' testimony. Government counsel also testified that had movant gone to trial, the government would have filed an information pursuant to 21 U.S.C. § 851 setting out Movant's previous convictions and would have sought a life sentence in the drug case.

Considering the government's evidence, defense counsel testified that he did not believe the case was "winnable." Further, taking into consideration that Movant had previous convictions, counsel felt Movant would be subject to the enhancement of Section 851and at least a 20 year sentence minimum.

Significantly, as the government has argued, Petitioner has shown no prejudice through the alleged ineffective assistance of counsel. Petitioner's guilty plea resulted in a recommended sentence of ten years. The Court considered this recommendation and sentenced Petitioner to that recommended sentence. The government's evidence against Petitioner was substantially strong. The

5

government was prepared to present evidence of Petitioner's participation in drug activity as corroborated by airline travel records and the testimony of his co-conspirators. Petitioner had already been convicted in Michigan on a single drug count involving more than 5 kilograms of cocaine. As such, Petitioner would have been subject to a minimum mandatory term of imprisonment in this case of 20 years if he proceeded to trial and was convicted. Petitioner was aware of the evidence the government was prepared to present in the drug case. Petitioner cannot establish prejudice even if he could show his attorney was ineffective.

Movant makes much of the fact that the witness tampering is not cognizable under federal law. He conveniently neglects to discuss the fact that he could have been indicted for murder for hire, which the government changed to "witness tampering" for the purposes of movant's classification upon serving his sentence within the Bureau of Prisons.

Movant does not dispute the evidence presented by Respondent. Rather, he merely urges that but for counsel's errors, he would have gone to trial on the drug charges. He provides no basis upon which for the Court to conclude that this hindsight revelation is genuine. Clearly, there is not a reasonable probability that, in light of the evidence against Movant and his criminal history, Movant would have insisted on going to trial on the drug charge and faced the possibility of 20 years to life imprisonment in lieu of the negotiated plea on the drug charge of ten

6

years, in addition to the murder for hire case that was pending in Judge Hamilton's Court.

## CONCLUSION

Based upon the foregoing analysis, and after having heard the evidence at the hearing, the Court is thoroughly convinced that there is not a reasonable probability that had Movant known of the nonexistent federal tampering charge, he would have proceeded to trial on the drug charge. The motion to vacate movant's sentence is non-meritorious and will be denied.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 24th day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE